# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARMIN SWITZERLAND GmbH, AND
GARMIN CORPORATION

    Plaintiffs,

v.

NAVICO, INC., C-MAP USA, INC., AND C-MAP/COMMERCIAL, LTD.,

    Defendants.

Case No. 16-2706

## MEMORANDUM AND ORDER

Plaintiffs Garmin Switzerland GmbH and Garmin Corporation bring this action against defendants Navico Inc., C-MAP USA, Inc., and C-MAP/Commercial, Ltd. ("C-MAP"), alleging defendants infringed a number of patents. Before the court is plaintiffs' Motion for Leave to Amend the Complaint (Doc. 73). Plaintiffs request leave from the court to amend the complaint to add allegations of willful infringement against defendant C-MAP based on evidence discovered in C-MAP's responses to the first set of interrogatories. C-MAP asks the court to deny plaintiffs' motion because their proposed amendment is futile. For the reasons set forth below, the court grants plaintiffs' motion.

### I. Background

Plaintiffs filed their initial complaint on October 17, 2016 alleging C-MAP infringed U.S. Patent No. 7,268,703 ("the '703 patent"). Plaintiffs filed an amended complaint on December 27, 2016 which made minor corrections to the originally filed complaint. Pursuant to the scheduling order, plaintiffs had until May 19, 2017 to file any further motions to amend pleadings.

Plaintiffs served their first set of interrogatories to defendants on March 10, 2017. Relevant to this motion, C-MAP responded that it first learned of the '703 patent "at some time in the 2011 or 2012 time frame." (Doc. 74, at 7.) Based on this information, plaintiffs notified C-MAP of their intention to amend the complaint to include allegations of willful infringement. C-MAP declined to consent to the amendment arguing the amendment was futile. Plaintiffs filed this motion on May 19, 2017—within the scheduling order's deadline for motions to amend pleadings.

**II. Legal Standards**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading only with the opposing party's written consent or the court's leave. A court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to allow an amendment is within the discretion of the court. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). Refusing to grant leave to amend, however, is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A court may deny a motion for leave to amend on the basis of futility if the "amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Rule 8(a)(2) of the Federal Rules of Civil Procedures states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a complaint must present factual allegations that "raise a right to relief beyond the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). This inquiry, however, is not to determine whether a plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

### III. Analysis

Plaintiffs move for leave to amend their complaint arguing that newly discovered evidence, revealed to them after the first set of interrogatories, gives rise to a plausible claim of willful infringement. C-Map claims that plaintiffs' amendment is futile because they have not pled any facts that would establish egregious infringement.

35 U.S.C. § 284 provides guidelines for a court when awarding damages for patent infringement. Notably, a court may "increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The United States Supreme Court determined the language in § 284 allows courts discretion when determining when enhanced damages are appropriate, however, "discretion is not whim." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931–32 (2016) (noting "[a]lthough there is no precise rule or formula for awarding damages under § 284, a district court's discretion should be exercised in light of the considerations underlying the grant of that discretion."). Enhanced damages, according to the Court, were designed "as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* at 132. Egregious infringement has

been described as behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* Therefore, a court's discretion to award enhanced damages is narrow and should be reserved only for "egregious cases of culpable behavior." *Id.*

This heightened requirement is intended to reflect the underlying goal of patent law—to strike a "'careful balance between the need to promote innovation' through patent protections, and the importance of facilitating the 'imitation and refinement through imitation' that are 'necessary to invention itself and the very lifeblood of a competitive economy.'" *Id.* at 1935. In recognizing these goals, courts must be wary of awarding enhanced damages in "garden-variety cases." *Id.*

Here, plaintiffs allege that C-MAP not only infringed the '703 patent, but continued its infringing conduct despite knowing about the patent in 2011 or 2012. C-MAP argues that knowledge of the patent does not rise to the egregious level of conduct required for heightened damages under § 284. Indeed, in his dissent in *Halo Electronics*, Justice Beyer noted that "references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*." 136 S. Ct. at 1936.

C-MAP argues that plaintiffs' proposed amended complaint does not include any facts that would establish a plausible claim of willful infringement, and, therefore, the amendment is futile because it would not survive a motion to dismiss. C-MAP cites a number of cases from other jurisdictions that support the assertion that knowledge of the patent plus continued infringing conduct, and nothing more, does not state a plausible claim of egregiousness. *See CG Tech. Dev., LLC, v. Zynga, Inc.*, No. 2:16-cv-00859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) (dismissing willful infringement claim because "[p]laintiffs have simply made the conclusory allegations that Defendant was aware of the '818 Patent and that the continued offer, use, and

promotion of its infringing social casino products . . . constitutes willful and egregious infringement behavior."); *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) (dismissing willful infringement claim after finding plaintiffs had alleged sufficient facts to show knowledge but not to show the additional element of egregiousness.); *Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 37615, at *5 (E.D. Va. Jan. 25, 2017) (finding plaintiff failed to allege any specific facts for the court to infer that defendant had notice of the patents and that its actions were egregious, rather plaintiff made "naked accusations devoid of any details to warrant their plausibility"); *Varian Med. Sys., Inc., v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (finding plaintiff's complaint did little more than provide a "formulaic recitation of the pre-*Halo* elements of a willful infringement claim").

Plaintiffs, however, respond that the proposed amendments, read together with the rest of the allegations in the complaint, establish a plausible case of willful infringement. Plaintiffs also note that other courts have acknowledged that "actual notice of the patents . . . and infringement thereafter" can create a plausible claim for willful infringement. *See Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, Nos. 2:16-VCV-00059-JRG-RSP, 2:16-CV-0060-JRG-RSP, 2017 WL 780885, at * 5 (E.D. Tex. Feb. 10, 2017).

The court recognizes that enhanced damages under § 284 should be reserved for the most egregious cases and understands the rationale laid out in the cases cited by C-MAP. However, unlike these cases, plaintiffs have cited specific examples in their complaint that may support a claim of willful infringement. For example, in their amended complaint, plaintiffs claim they have reason to believe that C-MAP "knew about Garmin's patent rights and the infringing nature of its accused products" and that it "deliberately acted with an intent to avoid confirming a high probability of wrongdoing associated with its sale, offering for sale, making, using, and importing into, or exporting

from the United States products it knew constituted a material, non-staple component of Garmin's patent rights as well as the specially-adapted and infringing nature, combinations, and uses of its accused products." (R. 74-2, at 41–42). This is supported by allegations in the original complaint, in which plaintiffs accused defendants of implementing a self-imposed injunction on enabling its alleged infringing technology to be used in United States waters, supposedly because it knew of plaintiffs' patents. Plaintiffs note that this self-imposed injunction ended in August 2016, when defendants chose to enable their technology for use in the United States, thus establishing intentional and willful infringement.

Based on these allegations, the court finds plaintiffs have at least stated a plausible claim for willful infringement and should be allowed to conduct discovery on the issue. The court therefore grants plaintiffs' motion. Granting plaintiffs' motion, however, also moots defendants' previously filed Motion for Judgment on the Pleadings (Doc. 39) and Motion to Stay (Doc. 61) as there will be new pleadings filed. The court would note that should defendants choose to refile similar motions, the court will implement an expedited briefing schedule and will rule on the motion in a timely fashion.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to Amend the Complaint (Doc. 73) is granted.

**IT IS FURTHER ORDERED** that defendants' Motion for Partial Judgment on the Pleadings (Doc. 39) and Motion to Stay (Doc. 61) are dismissed as moot.

Dated August 31, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**